IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HAMZA S. MOHAMED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:10-cv-2671-AT |
| | : | |
| SOUTHERN WALL PRODUCTS, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation that Plaintiff's motion to withdraw this action without prejudice be granted and that Defendant's motion for summary judgment be deemed moot [Doc. 31].  The Court notes that no objections have been filed in response to the Magistrate's Report and Recommendation.  Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the Magistrate's Recommendation for clear error and finds none.

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of this Court.  For the reasons stated in the

Magistrate Judge's Report and Recommendation, the Court **GRANTS** Plaintiff Hamza S. Mohamed's motion to withdraw this action without prejudice [Doc. 29]. The deadline for Plaintiff to re-file this lawsuit, if so desired, is ninety (90) days from the date of this Order.  Plaintiff is **NOTICED** that in the event Plaintiff re-files this lawsuit and the Court determines the re-filed lawsuit to be frivolous, Plaintiff will be held responsible for Defendant's attorney fees and costs incurred while defending this current lawsuit pursuant to Federal Rule of Civil Procedure 41(d)[1].  Defendant's motion for summary judgment is **DEEMED MOOT** [Doc. 23].  The Clerk is **DIRECTED** to close the case.

It is so **ORDERED** this 20th day of January, 2012.

Amy Totenberg
United States District Judge

---

[1] A copy of Federal Rule of Civil Procedure 41(d) is attached to this Order.

**Rule 40**  FEDERAL RULES OF CIVIL PROCEDURE  60

 (1) may try any issue with an advisory jury; or
 (2) may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 40. Scheduling Cases for Trial**

 Each court must provide by rule for scheduling trials. The court must give priority to actions entitled to priority by a federal statute.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 41. Dismissal of Actions**

 (a) VOLUNTARY DISMISSAL.
  (1) *By the Plaintiff.*
   (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
    (ii) a stipulation of dismissal signed by all parties who have appeared.
   (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
  (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
 (b) INVOLUNTARY DISMISSAL; EFFECT. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.
 (c) DISMISSING A COUNTERCLAIM, CROSSCLAIM, OR THIRD-PARTY CLAIM. This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim. A claimant's voluntary dismissal under Rule 41(a)(1)(A)(i) must be made:
  (1) before a responsive pleading is served; or
  (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial.
 (d) COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who previously dismissed an action in any court files an action based

61          FEDERAL RULES OF CIVIL PROCEDURE          **Rule 44**

on or including the same claim against the same defendant, the court:

>  (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
>  (2) may stay the proceedings until the plaintiff has complied.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Dec. 4, 1967, eff. July 1, 1968; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 42. Consolidation; Separate Trials**

(a) CONSOLIDATION. If actions before the court involve a common question of law or fact, the court may:

>  (1) join for hearing or trial any or all matters at issue in the actions;
>
>  (2) consolidate the actions; or
>
>  (3) issue any other orders to avoid unnecessary cost or delay.

(b) SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

(As amended Feb. 28, 1966, eff. July 1, 1966; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 43. Taking Testimony**

(a) IN OPEN COURT. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

(b) AFFIRMATION INSTEAD OF AN OATH. When these rules require an oath, a solemn affirmation suffices.

(c) EVIDENCE ON A MOTION. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

(d) INTERPRETER. The court may appoint an interpreter of its choosing; fix reasonable compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs.

(As amended Feb. 28, 1966, eff. July 1, 1966; Nov. 20, 1972, and Dec. 18, 1972, eff. July 1, 1975; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 23, 1996, eff. Dec. 1, 1996; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 44. Proving an Official Record**

(a) MEANS OF PROVING.

>  (1) *Domestic Record*. Each of the following evidences an official record—or an entry in it—that is otherwise admissible and is kept within the United States, any state, district, or commonwealth, or any territory subject to the administrative or judicial jurisdiction of the United States: